# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICARDO QUINTANILLA, | Case No. 2:20-cv-00211-GMN-NJK |
| Petitioner, | **ORDER** |
| v. | |
| WARDEN BRIAN WILLIAMS, | |
| Respondent. | |

Petitioner has paid the filing fee. ECF No. 4. Currently before the court are his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and his motion for appointment of counsel. The court may appoint counsel to a petitioner who is unable to afford counsel himself. 18 U.S.C. § 3006A. The application to proceed in forma pauperis that petitioner filed in this action was incomplete and did not contain the necessary information. However, the court takes judicial notice of Melendez v. Clark County, Case No. 2:19-cv-00704-GMN-NJK, in which petitioner is a co-plaintiff. Petitioner filed an application to proceed in forma pauperis in that action on June 25, 2019. The documents attached to that application show that petitioner is unable to afford counsel. Petitioner is convicted of sexual assault, with a maximum term of 25 years and a minimum 10 years before he becomes eligible for parole. Petitioner also has stated that he is not fluent in English, and another inmate wrote the petition for him. The court thus determines that appointment of counsel is warranted.

1

IT THEREFORE IS ORDERED that that the clerk of the court file the petition for a writ of habeas corpus and the motion for appointment of counsel, currently in the docket at ECF No. 1-1 and 1-2, respectively.

IT FURTHER IS ORDERED that the motion for appointment of counsel is **GRANTED**.

IT FURTHER IS ORDERED that the Federal Public Defender is appointed provisionally a counsel. The Federal Public Defender will have thirty (30) days from the date of entry of this order either to undertake representation of petitioner or to indicate to the court the office's inability to represent petitioner. If the Federal Public Defender is unable to represent petitioner, then the court will appoint alternate counsel, subject again to establishment of financial eligibility. The court will set a deadline for filing of an amended petition or a motion seeking other relief after counsel has appeared. The court anticipates setting the deadline for one hundred twenty (120) days from entry of the formal order of appointment. The court does not signify any implied finding of tolling during any time period established or any extension granted. Petitioner always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims. The court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition and a copy of this order.

IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the court.

///

///

///

IT FURTHER IS ORDERED that the clerk shall provide copies of all prior filings to both the Attorney General and the Federal Public Defender in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

DATED: February 20, 2020

_____
GLORIA M. NAVARRO
United States District Judge