**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICARDO QUINTANILLA, | Case No. 2:20-cv-00211-GMN-NJK |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

**I.      Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court are petitioner Ricardo Quintanilla's first amended petition, ECF No. 17, and respondents' motion to dismiss, ECF No. 22.  The court finds that the action is untimely, and the court grants the motion to dismiss on that basis.  The court does not address respondents' other arguments in the motion to dismiss.

**II.      Background**

After a jury trial, on February 25, 2015, the state district court convicted Quintanilla of one count of sexual assault.  R. Ex. 46 (ECF No. 28-11).  Quintanilla appealed, and the Nevada Supreme Court affirmed on September 22, 2016.  R. Ex. 82 (ECF No. 30-8).  The Nevada Supreme Court denied Quintanilla's petition for rehearing on December 22, 2016.  R. Ex. 87

(ECF No. 30-13).  The Nevada Supreme Court denied Quintanilla's petition for en banc reconsideration on February 24, 2017.  R. Ex. 90 (ECF No. 30-16).

On November 8, 2017, Quintanilla filed a motion for resentencing to include all time served.  Ex. 102 (ECF No. 30-28).  The state district court denied the motion on December 18, 2017.  Ex. 108 (ECF No. 30-34).[1]

On December 5, 2017, Quintanilla filed a post-conviction habeas corpus petition in the state district court.  R. Ex. 104 (ECF No. 30-30).  The state district court denied the petition on March 20, 2018.  R. Ex. 116 (ECF No. 31-8).  Quintanilla appealed, and the Nevada Supreme Court transferred the appeal to the Nevada Court of Appeals.  Ex. 12 (ECF No. 31-15).  The Nevada Court of Appeals affirmed on January 17, 2019.  R. Ex. 124 (ECF No. 31-16).  The Nevada Supreme Court issued its remittitur on February 12, 2019.  R. Ex. 127 (ECF No. 31-19).

On January 30, 2020, this court received Quintanilla's original, proper-person habeas corpus petition under 28 U.S.C. § 2254.  ECF No. 5.  Quintanilla dated the petition January 10, 2020, but he does not state when he handed his petition to a prison official for mailing it to the court.  The electronic copy of the petition contains the envelope, but the postmark was not scanned.  ECF No. 5 at 55.  The court no longer possesses the actual envelope.

## III.    Legal Standard

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The order's title erroneously stated that it was granting the motion.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires.  Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009).  See also Sup. Ct. R. 13(1).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).  The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 649 (quoting Pace, 544 U.S. at 418).  Equitable tolling does not stop the limitations clock the way that statutory tolling does.  "First, for a litigant to demonstrate 'he has been pursuing his rights diligently,' Holland, 560 U.S. at 649 [. . .], and thus satisfies the first element required for equitable tolling, he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court."  Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir.) (en banc), cert. denied, 141 S. Ct. 878 (2020).  "[I]t is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights."  Id. at 599.  "Second, and relatedly, it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."  Id.

3

**IV.   Discussion**

Quintanilla's judgment of conviction became final on May 25, 2017, when the time to petition for a writ of certiorari expired.

The court agrees with petitioner that Quintanilla's November 8, 2017, motion for resentencing was a state petition for collateral review that qualified for tolling under § 2244(d)(2). ECF No. 46 at 6 (citing Tillema v. Long, 254 F.3d 494 (9th Cir. 2001).  Respondents do not persuade the court that the distinction between a motion to correct an illegal sentence, which was the motion at issue in Tillema, and a motion for resentencing to give Quintanilla all his credits for time served, has any meaning.  If Quintanilla's motion had merit, then it would have affected the duration of his sentence, and thus it was a collateral attack on his custody.  The one-year period thus was tolled starting November 8, 2017, and 166 non-tolled days had passed.  This tolling overlapped with the tolling from Quintanilla's December 5, 2017, post-conviction habeas corpus petition.  The tolling ended when the Nevada Supreme Court issued its remittitur after the conclusion of the post-conviction proceedings, on February 12, 2019.

Quintanilla had no other state-court petition pending in the time remaining in the federal one-year period.  The federal one-year period expired at the end of August 30, 2019.

For the purposes of this order the court will assume that the original petition effectively was filed when Quintanilla dated his petition, January 10, 2020.  Even that date makes the original petition untimely.  Quintanilla will need to demonstrate that equitable tolling is warranted.

Quintanilla argues that he did not receive notice of the conclusion of his state post-conviction proceedings.  The Nevada Court of Appeals affirmed the denial of his petition on January 17, 2019.  Quintanilla has provided a redacted copy of what he asserts is the High Desert State Prison's legal mail log from January 2019 through January 2020.  P. Ex. 6 (ECF No. 47-2).  On January 24, 2019, the prison received something addressed to Quintanilla from the Nevada Supreme Court.  P. Ex. 6 (ECF No. 47-2 at 3).  Quintanilla states that the mail log shows that he did not receive a copy of the remittitur, which, in counsel's experience, would not have been sent to him until after the Clerk of the Nevada Supreme Court filed the state district court's receipt for

the remittitur.  ECF No. 46 at 11 & n.4 (citing P. Ex. 5 (ECF No. 47-1)).  Quintanilla states that he did not receive either the order of affirmance or the remittitur.  ECF No. 46 at 11 (citing P. Ex. 7 at ¶ 3 (ECF No. 47-3)).

The court is not persuaded by that argument.  First, in the cited paragraph of Quintanilla's affidavit, he writes, "As explained below, I did not learn about the Nevada Supreme Court's [sic] affirmance of the Eighth Judicial District Court's denial of my state post-conviction petition until approximately January 2, 2020."  P. Ex. 5 at ¶ 3.  Stating that he did not learn about the affirmance is not the same as stating that he did not receive the order of affirmance.  The difference leaves open the possibility that Quintanilla received the order of affirmance and did not seek assistance from anyone who could have told him what it was.  In the following paragraphs of the affidavit, Quintanilla explains why he did not learn about the order of affirmance.  He could not read English in 2019, one inmate helped him with litigation through late 2018, when that inmate was transferred away from Quintanilla, the High Desert State Prison had many lockdowns in 2019, it was not until December 2019 when Quintanilla met another inmate who helped him with his litigation, and through that inmate's help he requested a docket sheet from the Nevada Supreme Court, which he received in January 2020.  Nowhere in that affidavit does Quintanilla affirmatively state that he never received the order of affirmance or the remittitur.

Second, Quintanilla could not have provided the entire legal mail log of High Desert State Prison from January 2019 through January 2020.  It is only one page, with all entries except for Quintanilla's redacted.  P. Ex. 6 (ECF No. 47-2 at 3).  The court assumes that the list is chronological.  The entry for Quintanilla's mail from the Nevada Supreme Court received on January 24, 2019, appears about halfway down the list.  The court cannot believe that all of the legal mail sent to High Desert State Prison for the next 11 months could fit on the bottom half of that one page.  If it took half a page to get to January 24, 2019, if the Nevada Supreme Court sent the remittitur to Quintanilla, and if the High Desert State Prison received the remittitur and logged it, then that entry likely would not have been on that same page.  The court cannot conclude that Quintanilla did not receive the remittitur based upon this incomplete mail log.  Furthermore, the legal mail log should have at least one more entry, and perhaps two more entries, for Quintanilla:

1  The docket sheet that Quintanilla received in January 2020 and, if the mail log also logs outgoing

2  legal mail, Quintanilla's request for the docket sheet that he mailed in December 2019.  Those

3  entries are not in the log provided.

4      It is possible that Quintanilla truly did not receive any other legal mail from January 2019

5  through January 2020, and counsel for Quintanilla did not want to file many pages with nothing

6  but redactions, but counsel needed to tell the court that.[2]  As it stands, the court can only conclude

7  that the mail log provided to the court is incomplete.

8      Third, assuming that Quintanilla did not receive the remittitur from the Nevada Supreme

9  Court, the part of the mail log that the court possesses shows that he received the order of

10  affirmance of the Nevada Court of Appeals.  The Nevada Court of Appeals affirmed the denial of

11  the post-conviction petition on January 17, 2019, and Quintanilla received something from the

12  Nevada Supreme Court on January 24, 2019.  That mail must have been his copy of the order of

13  affirmance, because Quintanilla had no other appeals pending in the Nevada Appellate Courts at

14  the time, and thus the Nevada Supreme Court had no other reason to mail something to

15  Quintanilla.  Absent evidence to the contrary, the court presumes that mail that the High Desert

16  State Prison received was mail that the High Desert State Prison delivered to Quintanilla.

17      Fourth, Quintanilla places too much significance on not receiving the remittitur.  He

18  writes, "Even if he received the Order of Affirmance—which he did not—Mr. Quintanilla is still

19  entitled to equitable tolling.  The issuance of Remittitur noticed the conclusion of state post-

20  conviction proceedings and the date by which the Nevada Court of Appeals' Order of Affirmance

21  became final."  ECF No. 46 at 13.  For any appeal, the Nevada Supreme Court issues the

22  remittitur 25 days after entry of judgment.  Nev. R. App. P. 41(a).  Four things can stay issuance

23  of the remittitur:  A petition for rehearing, a petition for en banc reconsideration, a petition for

24  review by the Nevada Supreme Court after a decision of the Nevada Court of Appeals, and the

25  granting of a motion to stay issuance of the remittitur pending application to the Supreme Court

26
27
28

[2] Based upon a letter in the exhibit, Quintanilla received the mail log through the Nevada Attorney General based upon a policy of the Nevada Solicitor General.  P. Ex. 6 (ECF No. 47-2 at 2).  It is also possible that counsel for respondents told counsel for Quintanilla that the sheet that the court possesses is the only sheet listing Quintanilla's name, and both counsels agreed that it was the only sheet that needed to be provided.  However, again, this is something that counsel needed to tell the court.

1  of the United States for a writ of certiorari.  Nev. R. App. P. 41(b).  Quintanilla was the losing

2  party on the appeal.  He would have been the only person who would have done something that

3  would have stayed issuance of the remittitur.  He did not.  Additionally, Quintanilla is arguing for

4  equitable tolling, namely, that he did not have notice that the post-conviction proceedings had

5  concluded until much later and that he then acted diligently to file his federal habeas corpus

6  petition.  The order of affirmance, telling Quintanilla that he had not succeeded, is a far stronger

7  notice that post-conviction proceedings had concluded.  The order of affirmance told Quintanilla

8  that he had lost.  If he did nothing, then that loss would stand.  The order of affirmance thus gave

9  Quintanilla all the notice that he needed to start on his federal habeas corpus petition.

10          Fifth, the court accepts that Quintanilla had limited to no English proficiency in 2019 and

11  that he needed assistance to read court documents.  An inability to understand English can be an

12  extraordinary circumstance for the purposes of equitable tolling.  Yow Ming Yeh v. Martel, 751

13  F.3d 1075, 1078 (9th Cir. 2014); Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006).

14  However, Quintanilla also needed to be reasonably diligent.  Smith, 953 F.3d at 598-99.  He

15  received the order of affirmance in January 2019, but he did not seek any assistance until

16  December 2019.  He did not need someone to explain the legal details of the order; simply telling

17  him that he lost would have been enough to put him on notice that his state post-conviction

18  proceedings were coming to their conclusion.  A reasonably diligent person who receives official

19  legal mail but who cannot read it would have sought assistance much earlier than when

20  Quintanilla did.  The court finds that Quintanilla's lack of diligence precludes equitable tolling.

21          Reasonable jurists would not find the court's conclusions to be debatable or wrong, and

22  the court will not issue a certificate of appealability.

23          Respondents also argue that the court should dismiss the first amended petition because it

24  contains claims that Quintanilla had not exhausted in the state courts.  The court will not address

25  those arguments because the court is dismissing the action as untimely.

26

27

28

**V.      Conclusion**

      IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 22) is

**GRANTED**.  This action is **DISMISSED** with prejudice because it is untimely.  The clerk of the

court is directed to enter judgment accordingly and to close this action.

      IT FURTHER IS ORDERED that a certificate of appealability will not issue.

      DATED:  March 28, 2022

                                        _____
                                        GLORIA M. NAVARRO
                                        United States District Judge