UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICARDO QUINTANILLA,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>　　　　　　Respondents. | Case No. 2:20-cv-00211-GMN-NJK<br><br>**ORDER** |

This closed habeas matter is before the Court on Petitioner Ricardo Quintanilla's motion for reconsideration of the Court's order granting a motion to dismiss his first amended petition for habeas relief as untimely. (ECF No. 61.) Respondents opposed the motion, and Quintanilla replied. (ECF Nos. 71, 72.) For the reasons discussed below, the Court denies the motion.

## I.　BACKGROUND

After a jury trial, on February 25, 2015, the state district court convicted Quintanilla of one count of sexual assault. (ECF No. 28-11.) Quintanilla was sentenced to 120 to 300 months in prison. (*Id.*) Quintanilla appealed, and the Nevada Supreme Court affirmed on September 22, 2016. (ECF No. 30-8.) The Nevada Supreme Court denied Quintanilla's petition for rehearing on December 22, 2016. (ECF No. 30-13.) The Nevada Supreme Court denied Quintanilla's petition for en banc reconsideration on February 24, 2017. (ECF No. 30-16.) On November 8, 2017, Quintanilla filed a motion for resentencing. (ECF No. 30-28.) The state district court denied the motion on December 18, 2017. (ECF No. 30-34.) On December 5, 2017, Quintanilla filed a post-conviction habeas corpus petition in the state district court. (ECF No. 30-30.) The state district court denied the petition on March 20, 2018. (ECF No. 31-8.) Quintanilla appealed, and the

Nevada Supreme Court transferred the appeal to the Nevada Court of Appeals. (ECF No. 31-15.) The Nevada Court of Appeals affirmed on January 17, 2019. (ECF No. 31-16.) The Nevada Supreme Court issued its remittitur on February 12, 2019. (ECF No. 31-19.) On January 30, 2020, this Court received Quintanilla's original, proper-person habeas corpus petition under 28 U.S.C. § 2254. (ECF No. 5.)

## II. LEGAL STANDARD

"[A] Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quotation omitted). Absent highly unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016); *see also Wood*, 759 F.3d at 1121 (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). Rule 59(e) motions "may not be used to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Rishor*, 822 F.3d at 492.

## III. DISCUSSION

In his response to the motion to dismiss, Quintanilla conceded that his original petition was untimely but argued that equitable tolling was merited because, during state post-conviction proceedings, the Nevada Supreme Court had failed to notify him regarding the conclusion of proceedings and that once he had received notification, he had exercised reasonable due diligence to ensure his petition was filed. (ECF No. 46.) Specifically, Quintanilla argued that he had not received a copy of either the Nevada Court of Appeals' order of affirmance or the remittitur, issued

on January 17, 2019, and February 12, 2019, respectively. (*Id.*) Rather, Quintanilla had only been notified regarding the conclusion of his state post-conviction proceedings after soliciting help from an English-speaking inmate at High Desert State Prison and delivering a letter to the Nevada Supreme Court requesting a docket sheet. (*Id.*)

The Court found that Quintanilla's lack of diligence precluded equitable tolling. (ECF No. 59 at 7.) Specifically, this Court rejected Quintanilla's argument that he did not receive the Nevada Court of Appeals' order of affirmance or the remittitur. (*Id.* at 5-7.) The Court rejected this argument for five reasons: (1) Quintanilla's declaration only stated that he did not learn about the Nevada Court of Appeal's affirmance until January 2020 but did not state that he did not receive the order of affirmance when it was decided in January 2019, (2) the mail log provided to the Court was incomplete, (3) the part of the mail log that was provided showed that Quintanilla received the order of affirmance, (4) the order of affirmance, not the remittitur, gave Quintanilla all the notice he needed to start on his federal habeas corpus petition, and (5) Quintanilla was not reasonably diligent because a reasonably diligent person who receives official mail but who cannot read it would have sought assistance much earlier than Quintanilla did. (*Id.*)

Quintanilla first argues that the Court placed too much significance on his choice of words, arguing that the Court insinuated that he was purposely equivocating about whether he actually received the state pleading. (ECF No. 61.) As Quintanilla accurately notes, his opposition to the motion to dismiss repeatedly argued that he never received the order of affirmance or remittitur. (*See* ECF No. 46 at 11-14.) Quintanilla also stated this fact in his *pro se* judicial notice to the Court prior to his appointment of counsel. (ECF No. 1-3 at 1.) Nonetheless, importantly, Quintanilla failed to declare this fact in his declaration, the only document signed under a penalty of perjury. (ECF No. 47-3.) Because the declaration only discussed when Quintanilla "learn[ed]"

3

about the Nevada Court of Appeals' affirmance, the Court highlighted the "learn[ed]" language in its dismissal order. As such, the Court disagrees that it placed too much significance on Quintanilla's word choice. Rather, the Court was merely demonstrating that Quintanilla's declaration failed to include the crucial fact that he did not receive the order of affirmance in January 2019.

Quintanilla also argues that the Court erred when it called into question the completeness of the High Desert State Prison mail log. (ECF No. 61 at 5-6.) In its dismissal order, the Court stated that "Quintanilla could not have provided the entire legal mail log of High Desert State Prison from January 2019 through January 2020." (ECF No. 59 at 5.) The Court also stated, "[i]t is possible that Quintanilla truly did not receive any other legal mail from January 2019 through January 2020, and counsel for Quintanilla did not want to file many pages with nothing but redactions, but counsel needed to tell the court that." (*Id.* at 6.) Quintanilla argues that his counsel "provided a full, accurate, and true disclosure of his request to the Nevada Attorney General as well as the sole document he received in response." (ECF No. 61 at 6.) As such, Quintanilla argues that the Court erred by imputing a duty upon him to explain the paltry nature of the records and by weighing the mail log against him. (*Id.*) The Court disagrees. The Court acknowledged in its dismissal order that Quintanilla received the mail log from the Nevada Attorney General. (ECF No. 59 at 6 n.2.) By highlighting the incompleteness of the mail log, the Court was simply demonstrating that it was Quintanilla's burden to show when and if he received documents from the Nevada Court of Appeals and Nevada Supreme Court. *See Espinoza–Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (explaining that the petitioner bears the burden of demonstrating that he is entitled to equitable tolling). And importantly, even though the mail log was incomplete, it still showed that Quintanilla received mail from the Nevada Supreme Court on

January 24, 2019, one week after the Nevada Court of Appeals issued its order of affirmance. (ECF No. 47-2 at 3.)

In sum, the crux of the Court's dismissal order was that the mail log showed that the Nevada Court of Appeals' order of affirmance was received by the High Desert State Prison in January 2019, and Quintanilla's declaration—the only document signed under penalty of perjury related to the question at hand—failed to state that he did not receive this order at that time. Quintanilla fails to show that these findings were manifestly erroneous or that the Court's dismissal of his petition was manifestly unjust. *Rishor*, 822 F.3d at 491-92.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the motion for reconsideration (ECF No. 61) is **DENIED**.

Dated: September 19, 2022

_____
Gloria M. Navarro, Judge
United States District Court

5